### LOVELL v. JOHNSON.

(Circuit Court of Appeals, First Circuit. December 27, 1898.)

No. 233.

PATENTS—CONSTRUCTION—BREECH-PIECE FOR GUNS.

The Eutebrouk patent, No. 230,409, for an improvement in breech-loading firearms, consisting of a breech-piece for a single-barreled gun, slotted in two directions,—vertically and horizontally,—whereby the hammer and top snap may be placed in line, is valid, when limited, as it is by the proceedings in the patent office, and the language of the specification and claim, to the functions of the two slots; but such patent is not infringed by guns which do not contain the horizontal slot as described in the claim.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by Benjamin S. Lovell against Mary Elizabeth Johnson for infringement of a patent. From a decree dismissing the bill (82 Fed. 206), the complainant appeals.

James E. Maynadier, for appellant.

Causten Browne and Alex. P. Browne, for appellee.

Before COLT, Circuit Judge, and WEBB and ALDRICH, District Judges.

COLT, Circuit Judge. This is an appeal from the circuit court dismissing the bill. The suit was brought for infringement of letters patent No. 230,409, granted July 27, 1880, to Charles H. Eutebrouk, for an improvement in breech-loading firearms. The specification says:

"My invention consists of a novel construction of the breech-piece of a single-barreled gun; my object being to make a single-barreled breech-loading gun, with a central hammer and top snap in the same line, which is simple, cheap, and very compact in its construction. * * * In the drawings, A is the breech-piece. This breech-piece is slotted from top to bottom, to receive a central hammer, B, and is also slotted across this central slot, to receive the locking-bolt, C, and its connecting arm, $c^2$. The locking-bolt, C, by which the barrel is locked in place, slides in this slot in the breech-piece, A, and is moved forward and back by the tumbler, c, which is actuated by the finger-lever, $c^1$. The bolt, C, it will be seen, is in front of the central slot in the breech-piece, A, and the tumbler, c, at the rear, with the hammer, B, between them. To admit of this compact arrangement, I make the bolt, C, with a side-arm, $c^2$, which extends back of the hammer, and connects the bolt, C, and tumbler, c. This arm is shown as a separate piece from the bolt, C, and is best made so for convenience in putting both in place. There is nothing novel in these operative parts per se, and I have merely transferred them from double-barreled guns, and arranged them, as described, so as to fit in and work within the slotted breech-piece that I have provided; the novelty of my device being in the structure of the breech-piece. A breech-piece for a single-barreled gun has never heretofore been so contrived as to accommodate a central hammer and top snap, the difficulty being to get the hammer and top snap in line. * * * What I claim as my invention is the breech-piece, A, of a single-barreled gun, slotted in two directions, as described,—that is to say, horizontally and vertically,—the vertical slot being in the center, whereby the hammer and top snap may be placed in line, and still the operating parts accommodated, all as set forth."

The patent, as finally allowed, is for a breech-piece slotted in two directions, horizontally and vertically; the vertical slot being in the center.

In the consideration of the patent it is necessary to refer somewhat in detail to the proceedings in the patent office. In his first application the patentee said:

"The gist of the invention is the combination of the breech-piece, A, slotted centrally to receive the hammer, B, and provided with the bolt, C, for locking the barrel, actuated by a tumbler or pin, c, which is vertical, instead of horizontal. * * * What I claim as my invention is the combination of centrally slotted breech-piece, A, central hammer, B, and top snap, C, c, $c^1$, as shown."

This application was rejected for want of novelty. Thereupon a second application was filed, which says:

"It is this arrangement of bolt, C, arm, $c^2$, tumbler, c, with its lever, $c^1$, and hammer, B, in the slot in the breech-piece, A, which constitutes my invention. What I claim as my invention is the combination of the centrally slotted breech-piece, A, central hammer, B, bolt, C, arm, $c^2$, tumbler, c, and finger-lever, $c^1$, all arranged together as described."

This application was again rejected on the ground of want of invention, and that the hammer and locking mechanism are independent of each other, and do not form a legitimate combination claim. A third application was then filed. In this application the first mention is made of the horizontal slot. It declares:

"This breech-piece is slotted from top to bottom to receive a central hammer, B, and is also slotted across this central slot * * * to receive the locking-bolt, C, and its connecting arm, $c^2$. The locking bolt, C, by which the barrel is locked in place, slides in this slot in the breech-piece, A. * * * What I claim as my invention is the combination of the breech-piece, A, slotted in two directions as shown, bolt, C, arm, $c^2$, tumbler, c, and finger-lever, $c^1$; the bolt, C, being at the forward end, and tumbler, c, at the rear end, of the central slot, and the arm, $c^2$, lying in a slot on one side of the central slot, as shown."

This claim was again rejected for want of novelty. Following this rejection the applicant sent a letter of remonstrance to the commissioner, which declares, among other things:

"Applicant's invention consists * * * in the combination of a locking-bolt, C, having an arm, $c^2$, with a breech-piece slotted centrally from its upper to its under side to receive the hammer, and with a slot across this central slot to receive the locking-bolt, C, and its arms, $c^2$."

The application was again amended by substituting the following claim:

"The combination of bolt, C, arm $c^2$, tumbler, c, and finger-lever, $c^1$, with breech-piece, A, slotted from top to bottom to receive the central hammer, and slotted crosswise to receive the locking-bolt, C, and its arm, $c^2$; the bolt, C, being in front, and the tumbler, c, back of the central slot, and the bolt, C, and the arm, $c^2$, being in the crosswise slot, as shown."

This claim was again rejected upon the references and for the reasons before given. The application was finally submitted in the form in which it appears in the patent, and was again rejected, but on appeal to the board of examiners in chief the patent was allowed.

The proceedings in the patent office, and the language of the specification and claim, place certain limitations upon this patent. All the operative parts of the breech-piece were old. The bolt must be in front of the central slot, the tumbler at the rear, and hammer between them. The bolt and side-arm are received by, and slide in, the horizontal slot. The vertical slot must be in the center of the

91 F.—11

horizontal slot. The claim is for a breech-piece slotted in two directions, whereby the hammer and top snap may be placed in line, and still accommodate the operating parts. We think the claim valid, when limited to the functions of the two slots; such functions to be construed in connection with the specification and drawings of the patent, the file wrapper and contents, and the prior art.

The defendant is charged with making and selling two forms of infringing guns. In gun No. 1, the tumbler by which the bolt is actuated is located in front of the hammer and the vertical slot. The trigger guard, at the side of the breech-piece, and out of line with the hammer, constitutes the lever which operates the tumbler. Unlike the patent in suit, the tumbler is not situated back of the hammer, the bolt does not extend back of the hammer, and there is no horizontal slot extending across the hammer slot whereby the hammer and top snap may be placed in line. By the express terms of the specification, the slotted breech-piece and the arrangement of operative parts of the Eutebrouk patent are not found in defendant's gun No. 1, and, therefore, it does not infringe.

In gun No. 2, the sliding-bolt is in front of the hammer, which is located in a vertical slot centrally formed in the breech-piece; and the finger-lever mechanism is on top of the breech-piece, directly back of the hammer, and in line with it. A screw passes through the finger-lever and into the bolt, and attaches the two together. By pushing the finger-lever to one side, the screw is drawn backward in its slot, thereby retracting the bolt. The breech-piece is cored out upon both sides of the hammer, and the bolt is extended back from the front to the rear of the hammer, and upon both sides of the hammer, but out of contact with the walls of the chamber. In the patent in suit, the tumbler engages a notch in the connecting arm of the bolt, and, when the tumbler is rocked by pushing the finger-lever, the arm and connected bolt are drawn back. "The rear end of the connecting arm of the bolt is maintained in operative relation to the tumbler and the bolt by the retaining walls of the horizontal slot." The important and vital question in this case is whether defendant's gun No. 2 contains the horizontal slot of the Eutebrouk claim. We feel bound, upon careful consideration of the whole case, to adopt the defendant's view on this point. We think it plain that the conception of Eutebrouk was to retain, support, and guide the connecting arm and bolt in a horizontal slot formed in the vertical wall of the old hammer slot. This appears from an inspection of the breech-piece and operating mechanism. The patent says, "This breech-piece is slotted across the central slot * * * to receive the locking-bolt and its connecting arm, $c^2$." It speaks of the operative parts being merely transferred from double-barreled guns, and arranged "so as to fit in and work within the slotted breech-piece." In one of the several applications filed, it is said, "The arm, $c^2$, is in a slot at one side of the central slot," and again, "The arm, $c^2$, lying in a slot on one side of the central slot." The recessed chamber in defendant's breech-piece does not contain the horizontal slot of the Eutebrouk patent. The fastening together of the rear end of the locking-bolt and the finger-lever mechanism obviates the necessity of any supporting slot. The finger-

lever mechanism supports and guides the rearward extension of the locking-bolt. The so-called slot on either side of the hammer in defendant's breech-piece is a mere passageway. The only slot in defendant's gun in which the locking-bolt is guided and supported lies in front of the hammer slot, and the hammer slot is not central of it, in the sense of the patent. For these reasons we find no infringement of the patent in defendant's gun No. 2, and it follows that the decree of the circuit court must be affirmed. The decree of the circuit court is affirmed, with the costs of this court to the appellee.